UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

STEPHEN FURR, JR.,

        Plaintiff,

v.

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS and WWC LICENSE LLC, d/b/a VERIZON WIRELESS,

        Defendants.

Court File No.:  8:11-cv-00251

**STIPULATED PROTECTIVE ORDER**

        The parties, through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, stipulate and agree to the entry of the following order:

1. As used in this Protective Order, these terms have the following meanings:

        "Attorneys" means counsel of record;

        "Confidential" documents are documents designated pursuant to paragraph 2;

        "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

        "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

2. A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any

way the documents or their contents to any person other than those specified in paragraph. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the parties;

    (f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.     All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8.     If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Nebraska.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

9.     Any party may request a change in the designation of any information designated "Confidential".  Any such document shall be treated as designated until the change is

completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

10. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

11. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated: October 18, 2011               SHIFFERMILLER LAW OFFICE, P.C., L.L.O.


By: s/Joy A. Shiffermiller
    Joy A. Shiffermiller
1002 G Street
Lincoln, NE 68508
Phone: (402) 484-7700
Fax: (402) 484-7714
joy@joyshiffermiller.com

**ATTORNEY FOR PLAINTIFF**


**BRIGGS & MORGAN, P.A.**


Dated: October 20, 2011               By: s/Steven W. Wilson
    Steven W. Wilson
    Ellen A. Brinkman
80 South Eighth Street, Suite 2200
Minneapolis, MN 55402
(612) 977-8445 (phone)
(612) 977-8650 (fax)
swilson@briggs.com
ebrinkman@briggs.com

and

**CROSBY GUENZEL LLP**
Steven G. Seglin
134 South 13th Street, Suite 400
Lincoln, NE 68508
(402) 434-7300 (phone)
(402) 434-7303 (fax)
SGS@crosbylawfirm.com

**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED.**

Dated: October 26, 2011

/s/ Lyle E. Strom

**LYLE E. STROM, Senior Judge**
United States District Court